# In the United States Court of Federal Claims

No. 19-876C

(E-Filed:  January 3, 2020)[1]

|  |  |  |
|---|---|---|
| | ) | |
| DESKTOP ALERT INC., | ) | |
| | ) | |
| Plaintiff, | ) | Motion to Dismiss for Lack of Subject |
| | ) | Matter Jurisdiction; RCFC 12(b)(1); No |
| v. | ) | Procurement Challenged. |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

William T. Welch, Reston, VA, for plaintiff.  Johana A. Reed, of counsel.

Domenique Kirchner, Senior Trial Attorney, with whom were Joseph H. Hunt, Assistant Attorney General, Robert E. Kirschman, Jr., Director, Douglas K. Mickle, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.  Robert B. Neill, United States Army Legal Services Agency, of counsel.

OPINION

CAMPBELL-SMITH, Judge.

Plaintiff filed this case as a bid protest on June 14, 2019.  See ECF No. 1.  Three motions are presently pending before the court:  (1) defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of

---

[1]    This opinion was filed under seal on December 16, 2019.  See ECF No. 36.  Pursuant to ¶ 5 of the ordering language, the parties were invited to identify source selection, proprietary or confidential material subject to deletion on the basis that the material was protected/privileged. The parties informed the court on January 2, 2020, that no redactions were necessary.  See ECF No. 38.  As such, this opinion is identical to the opinion issued on December 16, 2019, with the exceptions of the filing date and this footnote.

the Rules of the United States Court of Federal Claims (RCFC), ECF No. 17; (2) plaintiff's motion to supplement its response to defendant's motion to dismiss, ECF No. 27;[2] and (3) plaintiff's motion for leave to file a sur-reply to defendant's motion to dismiss, ECF No. 32.

In ruling on these motions, the court has considered the following:  (1) plaintiff's complaint, ECF No. 1; (2) defendant's motion to dismiss, ECF No. 17; (3) plaintiff's response to defendant's motion to dismiss, ECF No. 20; (4) defendant's reply in support of its motion to dismiss, ECF No. 21; (5) plaintiff's motion to supplement its response to defendant's motion to dismiss, ECF No. 27; (6) defendant's response to plaintiff's motion to supplement, ECF No. 28;[3] (7) plaintiff's motion for leave to file a sur-reply, ECF No. 32; (8) defendant's response to plaintiff's motion for leave to file a sur-reply, ECF No. 33; and (9) plaintiff's reply in support of its motion for leave to submit a sur-reply, ECF No. 35.  Oral argument was deemed unnecessary.

For the following reasons, defendant's motion to dismiss is **GRANTED**; plaintiff's motion to supplement is **DENIED**; and plaintiff's motion for leave to file a sur-reply is **DENIED**.

I.      Background

In its complaint, plaintiff states:  "This is an action by [plaintiff] for declaratory and injunctive relief in protest of the actions by the United States Army ('Army') as it pertains to the ongoing decision process of fielding the 'Alert!' system for a Mass Warning and Notification System ('MWNS')."  ECF No. 1 at 1.  Plaintiff filed the case as a bid protest, but does not identify a specific procurement as the subject of the

---

[2]      In filing this motion, plaintiff selected the docketing event in the court's case management electronic case filing (CM/ECF) system for a motion to supplement the pleadings, pursuant to Rule 15(d) of this court's rules.  See ECF No. 27.  The filing, however, was titled "Plaintiff's Motion to Supplement Its Response to the Defendant's Motion to Dismiss," and specifically noted that plaintiff was not seeking by this motion to file a supplemental or amended complaint.  See ECF No. 27-1 at 1 n.1 ("Procedurally, we believe that this Supplement to our response would be the most effective way to bring this information to the Court's attention in considering the overall violations that Desk Top Alert discusses in its Complaint.  However, the newly discovered events mentioned below could be reshaped to incorporate into an Amended Complaint or a new Complaint, if required.").  Accordingly, the court addresses this motion as a motion to supplement plaintiff's response to defendant's motion to dismiss rather than as a motion to supplement the complaint.

[3]      Plaintiff did not file a reply in support of its motion to supplement its response to defendant's motion to dismiss, which was due to be filed on or before September 5, 2019.

complaint.  See generally ECF No. 1.  Rather than protest an actual procurement, plaintiff apparently objects to the lack of a procurement.  Plaintiff summarizes its case, as follows:

> The Army is attempting to implement for itself and other [Department of Defense (DoD)] offices, a poorly-functioning, Navy-developed and Army modified system called Alert! to meet its MWNS needs.  It is continuing to develop and refine this product despite the fact that there are existing and superior commercial item MWNSs available in the marketplace—including the commercial product Total Alert designed, manufactured, and maintained by the plaintiff Desktop Alert.

Id. at 2 (footnote omitted).  See also id. at 4 (noting the time when plaintiff "first learned that the Army intended to avoid procuring a certified commercial [Network Centric Alerting System (NCAS)]"); id. at 18 ("The Army is deploying an untested and unapproved NCAS in order to avoid having to procure a commercial NCAS such as . . . Total Alert."); id. at 19 ("By avoiding competition, the Army is not purchasing a commercial system, but instead the Army is developing a developmental system that must be maintained through non-competitive contracting vehicles."); id. (alleging that "the Army's failure to procure the NCAS through a competitive procurement is arbitrary and capricious"); id. at 20 (asking the court for a declaration that "the Army's decision to avoid a procurement and to deploy the Alert! system [was] in violation of procurement statutes and regulations and was arbitrary and an abuse of the Agency's discretion").

Despite the fact that plaintiff's complaint centers around the lack of a procurement, plaintiff alleges that the court has "jurisdiction of this matter pursuant to 28 U.S.C. § 1491(b) (201[2]) (jurisdiction over any alleged violation of statute or regulation in connection with a procurement or a proposed procurement)."  Id. at 3.

II.   Legal Standards

Defendant alleges that the court should dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1).  See ECF No. 17.  Plaintiff bears the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence.  See Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013).  To determine whether plaintiff has carried this burden, the court accepts "as true all undisputed facts asserted in the plaintiff's complaint and draw[s] all reasonable inferences in favor of the plaintiff."  Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)).

This court's jurisdiction is based on the Tucker Act, which states, in relevant part, that the Court of Federal Claims has jurisdiction:

> to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement.

28 U.S.C. § 1491(b)(1) (2012).  "Commonly known as 'bid protest jurisdiction,'" the United States Court of Appeals for the Federal Circuit "has found that this provision speaks 'exclusively' to 'procurement solicitations and contracts.'"  Hymas v. United States, 810 F.3d 1312, 1317 (Fed. Cir. 2016) (quoting Res. Conservation Grp., LLC v. United States, 597 F.3d 1238, 1245 (Fed. Cir. 2010) (emphasis added)).

If the court determines that it lacks jurisdiction, it must dismiss the case.  See RCFC 12(h)(3).

III.    Analysis

   A.    Motion to Dismiss

Defendant argues that plaintiff's complaint should be dismissed for lack of jurisdiction on several grounds.  Primarily, defendant claims that because plaintiff does not identify, much less challenge, any specific procurement in its complaint, plaintiff cannot properly invoke the court's bid protest jurisdiction pursuant to 28 U.S.C. § 1491(b)(1).  See ECF No. 17 at 21-26.  The court agrees.

Plaintiff acknowledges in its complaint that the government already owns the Alert! system.  See, e.g., ECF No. 1 at 2 (identifying the Alert! system as "Navy developed"); id. (alleging that "the Army is implementing its Alert! system"); id. at 5 (referring to "the Army's Alert! system"); id. at 6 (identifying the Alert! system as "Navy developed"); id. at 10 (referring to "the Army's Alert! system").  Plaintiff argues, however, that "[i]t really does not matter that one product is a commercial product and one product is allegedly a Government-owned product," and insists that the government's decision to choose "one product over another product . . . is a procurement planning decision that this Court should have within its jurisdiction to consider under the broad and sweeping scope of 28 U.S.C. § 1491(b)."  ECF No. 20 at 7.  See also id. at 10 ("In fact, the Government has been engaging in activities in connection with a proposed procurement, i.e., an attempt to meet the Government's needs by mandating [the] use of a

Government-developed system."). Plaintiff's argument is unfounded and contrary to binding precedent. The government's decision to use a product that it already owns simply is not a "procurement or proposed procurement" within the meaning of 28 U.S.C. § 1491(b)(1).

As noted above, section 1491(b)(1) "speaks 'exclusively' to 'procurement solicitations and contracts.'" Hymas, 810 F.3d at 1317 (quoting Res. Conservation Grp., 597 F.3d at 1245 (emphasis added)). To establish this court's bid protest jurisdiction, plaintiff "must demonstrate that the government at least initiated a procurement, or initiated 'the process for determining a need' for acquisition." Distributed Sols., Inc. v. United States, 539 F.3d 1340, 1346 (Fed. Cir. 2008) (citation omitted). As the Federal Circuit has held, the government's decision to use property or services it already owns is not a procurement decision. See AugustaWestland N. Am., Inc. v. United States, 880 F.3d 1326 (Fed. Cir. 2018).

In AugustaWestland North America, Inc. v. United States, the Federal Circuit considered whether the Army's decision to replace an aging helicopter fleet with helicopters it already owned constituted a procurement decision for purposes of the court's bid protest jurisdiction. Id. The court concluded that the Army's decision was not a procurement decision because it "only contemplated using existing Army assets," id. at 1330, and "did not begin 'the process for determining a need for property or services,'" id. at 1331 (citations omitted). As such, the court lacked jurisdiction to consider the plaintiff's challenge to the Army's decision, which was predicated on 28 U.S.C. § 1491(b)(1). Id.

Like in AugustaWestland, the Army's decision at issue in this case pertains to the use of existing Army assets, namely the Alert! system. Nevertheless, plaintiff attempts to distinguish the facts in AugustaWestland from the facts at bar. First, it argues that the Army's decision here was contrary to an order it had previously issued—a circumstance that did not exist in AugustaWestland. See ECF No. 20 at 10. And second, plaintiff claims that AugustaWestland involved allegations that a greater number of laws and regulations were violated than plaintiff alleges were violated in this case. Id. at 11. Neither of these distinctions, to the extent they exist, are relevant to determining whether the Army's decision to use its Alert! system amounts to a procurement decision such that plaintiff can invoke this court's bid protest jurisdiction.

As defendant argues here, plaintiff "has failed to demonstrate that the Army determined that it had a need for the acquisition of the Alert! system. Record evidence shows the opposite: the Army determined that it possessed the Government-owned [Government Off the Shelf] Alert! system that meets the Army's need for an improved

MWNS, and directed its deployment." ECF No. 21 at 11. Accordingly, the court does not have jurisdiction to consider plaintiff's complaint, and it must be dismissed pursuant to RCFC 12(h)(3).[4]

> B.      Plaintiff's Motion to Supplement and Motion for Leave to File a Sur-
>          reply

Plaintiff has filed a motion to supplement its response to defendant's motion to dismiss, ECF No. 27, and a motion for leave to file a sur-reply, ECF No. 32, in a effort to present "additional evidence that the Government is making procurement decisions as that term is defined in 28 U.S.C. § 1491(b)(1) (201[2])." ECF No. 27 at 1; ECF No. 32 at 1. In both submissions, plaintiff claims that: (1) "sometime prior to August 12, 2019," the Army issued Request for Proposal (RFP) No. W15QKN-19-R-07HH, relating to the Alert! system, ECF No. 27-1 at 3, ECF No. 32 at 5; (2) on August 1, 2019, the Army issued Solicitation No. W15QKN19XTH8A relating to "Mass Warning Notifications ('MWN') and enhanced 911 sustainment and support," ECF No. 27-1 at 5, ECF No. 32 at 7; and (3) the Army has reportedly instructed personnel at Fort Bragg to "find (3) alternative systems to review and recommend for use," ECF No. 27-1 at 6, ECF No. 32 at 7. Plaintiff also notes in its motion to supplement its response that "the newly discovered events mentioned below could be reshaped to incorporate into an Amended Complaint or a new Complaint." ECF No. 27-1 at 1 n.1.

To the extent that plaintiff's new allegations are substantiated, they would provide an entirely new basis for plaintiff's complaint. As such, the proposed supplemental material is not appropriately raised in the briefing of a motion to dismiss the complaint as currently constituted. For this reason, both plaintiff's motion to supplement its response to defendant's motion to dismiss, ECF No. 27, and plaintiff's motion for leave to file a sur-reply, ECF No. 32, are denied. If plaintiff believes that the entirely new factual circumstances would support this court's bid protest jurisdiction, it may file a new complaint with the court.

IV.     Conclusion

Accordingly, for the reasons set forth in this opinion,

---

[4]      Defendant also presented, in its motion to dismiss, an extended argument that plaintiff does not have standing to pursue its claims. See ECF No. 17 at 26-35. Because the court finds that it lacks jurisdiction on the basis that plaintiff has not alleged the existence of a procurement or proposed procurement, the court does not reach the issue of standing.

(1)     Defendant's motion to dismiss plaintiff's complaint, ECF No. 17, is **GRANTED**;

(2)     Plaintiff's motion to supplement its response to defendant's motion to dismiss, ECF No. 27, is **DENIED**;

(3)     Plaintiff's motion for leave to file a sur-reply to defendant's motion to dismiss, ECF No. 32, is **DENIED**;

(4)     The clerk's office is directed to **ENTER** final judgment for defendant **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, pursuant to RCFC 12(h)(3), without prejudice; and

(5)     On or before **January 10, 2020**, counsel for the parties shall **CONFER** and **FILE** a **notice** of filing, attaching a proposed redacted version of this opinion, with any material deemed proprietary blacked out, so that a copy of the opinion can then be made available in the public record of this matter.

IT IS SO ORDERED.

                                        s/Patricia E. Campbell-Smith
                                        PATRICIA E. CAMPBELL-SMITH
                                        Judge